UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VICTOR CHARLES FOURSTAR, JR.

    Plaintiff,

v.                                           Case No. 5:15cv292/LC/CJK

UNITED STATES OF AMERICA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a federal prisoner proceeding *pro se*, commenced this action by filing a complaint pursuant to the Federal Tort Claims Act (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2). Upon review of the complaint and plaintiff's litigation history, the court concludes this case should be dismissed under 28 U.S.C. § 1915(g) because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the full filing fee upon initiation of this suit.

    Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing

fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of three federal civil actions previously filed by plaintiff, while incarcerated, which were dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See e.g.*, *Fourstar v. Murlak*, Case No. 2:07cv5892-ODW-SS, Doc. 37 (C.D. Cal. May 26, 2010) (dismissing action as frivolous and for failure to state a claim); *Fourstar v. Zemyan*, Case No. 4:08cv50-SEH, Docs. 4, 9 (D. Mont. Aug. 26, 2008) (dismissing action for failing to state a federal claim); *Fourstar v. Ness*, Case No. 4:05cv108-SEH, Docs. 3, 10 (D. Mont. Apr. 26, 2006) (dismissing action for failure to state a federal claim). The foregoing cases may be positively identified as having been filed by plaintiff because they bear his Bureau of Prisons' inmate number, "07418-046."[1]

---

[1] Plaintiff has been identified as a three-striker in multiple jurisdictions. *See e.g.*, *Fourstar v. Garden City Group, Inc.*, Case no. 1:15mc76-UNA, Doc. 4 (D. D.C. Jan. 22, 2015); *Fourstar v. Costello*, Case No. 3:14cv957-NJR, Docs. 5, 7 (S.D. Ill. Dec. 9, 2014); *Fourstar v. Decou*, 4:13cv93-DWM, Docs. 4, 5 (D. Mont. Nov. 15, 2013); *Fourstar v. Eckroth*, Case No. 3:12cv615-JMM-EC, Doc. 5 (M.D. Pa. Apr. 9, 2012); *Fourstar v. Brown*, Case No. 4:11cv230-FRZ-PSOT, Doc. 5 (D. Ariz. May 18, 2011).

Case No. 5:15cv292/LC/CJK

Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g), *Brown, supra*. Plaintiff alleges he was denied dental care for a "cavitied upper front tooth and lower back wisdom tooth #32 that was abscessed and cavitied." (Doc. 1, p. 9). On April 16, 2015, an X-ray of plaintiff's mouth was taken and an "ink pad applied to tooth #32." (*Id.*). The next day, staff "recommended a 'deep cleaning' or extraction of wisdom tooth #32." (*Id.*). Plaintiff was advised he could submit a call-out for a routine teeth cleaning. (*Id.*, p. 10). Plaintiff subsequently declined to sign a medical treatment refusal form. (*Id.*).

The court notes plaintiff raised an identical claim of inadequate dental care in another case recently filed in the Northern District of Florida. *See Fourstar v. Archer*, Case No. 5:15cv248/MP/EMT, Doc. 1 (N.D. Fla.). There, the court concluded plaintiff's allegations concerning his dental care did not qualify for the imminent danger exception to 28 U.S.C. § 1915(g). *Id.*, Docs. 4, 7. The court noted:

> Plaintiff's claim of deliberately [sic] indifference to his needs for dental care fall short of the imminent injury standard[.] . . . [A]lthough the court does not countenance that a severe dental injury or condition could never become serious enough to meet the standard, Plaintiff's allegations are concerned more with questioning the particularities of the medical staff's treatment plan than with the gravity of his condition. . . . Plaintiff was provided treatment options for his dental needs, which included extraction of the abscessed wisdom tooth, but he refused the treatment. . . . [H]is dental claim is enmeshed in a difference of opinion as to treatment options, which is not an actionable Eighth Amendment claim, much less a demonstration that imminent serious injury is likely.

*Id.*, Doc. 4 (internal citation omitted).

Although this action involves a claim under the Federal Tort Claims Act rather than the Eighth Amendment, the imminent danger analysis is the same. As is clear from the complaint, prison staff did not ignore plaintiff's claims concerning his dental health; plaintiff simply disagreed with the offered treatment. Thus, the undersigned adopts the analysis set forth in the Report and Recommendation in Case No. 5:15cv248/MP/EMT. *Id.*, Doc. 4. Plaintiff's rejection of offered treatment demonstrates he is not under imminent danger of serious physical injury. Because plaintiff did not pay the $400.00 filing fee at the time he initiated this action, and because it plainly appears plaintiff is not entitled to proceed *in forma pauperis*, this case should be dismissed under § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 24th day of November, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S.Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.